UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

PAINTERS DISTRICT COUNCIL #58
401(k) TRUST FUND, By and Through Its
Trustees,

and

PAINTERS DISTRICT COUNCIL #58
FRINGE BENEFIT FUNDS, By and
Through Their Trustees,

    and

ILLINOIS STATE PAINTERS WELFARE
FUND, By and Through its Trustees,

    Plaintiffs,

v.

WHITEHEAD BROTHERS PAINTING,
INC.,

    Defendant.

Cause No.   19-1167

## COMPLAINT

COME NOW Plaintiffs, PAINTERS DISTRICT COUNCIL #58 401(k) TRUST FUND,

PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS and ILLINOIS STATE

PAINTERS WELFARE FUND, by undersigned Counsel, and state as follows for their Complaint

against Defendant, WHITEHEAD BROTHERS PAINTING, INC.:

### Parties

1.    Plaintiff PAINTERS DISTRICT COUNCIL #58 401(k) TRUST FUND

(hereinafter "401(k) Plan") is a pension plan, or plan and a defined contribution plan within the

meaning of Sections 3(2)(A) and (34) of ERISA, 29 U.S.C. § 1002(2)(A), (34).

2.      401(k) Plan is administered by a Board of Trustees who are fiduciaries within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  Retirement Savings Fund's Trustees are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

3.      Contributions to 401(k) Plan are received and processed in Collinsville, Madison County, Illinois.

4.      Plaintiff PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS (hereinafter "District Council Funds") are certain collectively-bargained fringe benefit funds, for which Plaintiff 401(k) Plan acts as the authorized collection agent.

5.      Contributions to District Council Funds are received and processed in Collinsville, Madison County, Illinois.

6.      Plaintiff ILLINOIS STATE PAINTERS WELFARE FUND ("Welfare Fund") is an "employee welfare benefit plan" within the meaning of section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1).  Welfare Fund's Board of Trustees are fiduciaries within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

7.      The address and place of administration of Welfare Fund is located in Maryland Heights, St. Louis County, Missouri.

8.      Defendant WHITEHEAD BROTHERS PAINTING, INC. ("Defendant," or "Whitehead Brothers") is a Missouri general business corporation

9.      Whitehead Brothers' address and principal place of business is located in St. Charles, St. Charles County, Missouri.

10.     Whitehead Brothers is, was and at all relevant times has been, an "employer" in an "industry affecting commerce" within the meaning of Sections 3(5), (11) and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12), and is an "employer" in an industry "affecting commerce" within the meaning of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

## Jurisdiction and Venue

11.     This Court has jurisdiction over Plaintiff Funds' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, in that the Plaintiff Funds' Board of Trustees are fiduciaries who seek to enforce the provisions of the Plaintiff Funds; and of § 301(a) of the LMRA, 29 U.S.C. § 185(a), in that Plaintiff Funds are suing to enforce a contract between an employer and a labor organization.

12.     This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and § 301(a) of the LMRA, 29 U.S.C. § 185(a).

13.     Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301(a) of the LMRA, 29 U.S.C. § 185(a).

## Facts

14.     At all times relevant to this Complaint, Defendant has been signatory to one or more Collective Bargaining Agreements ("Agreement(s)") with Painters District Council #58, affiliated with the International Union of Painters and Allied Trades.  *See*, **Exhibit F**.

15.     Defendant has, by its conduct, including reporting and paying fringe benefit contributions to Plaintiff Funds, manifested its intention to be signatory to and bound by the Agreement(s).

16.     Pursuant to the Agreement(s), Defendant agreed to submit monthly remittance reports ("Remittance Reports") detailing the hours worked by and wages paid to its employees performing work covered by the Agreement(s) and to pay monetary contributions to the Plaintiff Funds at specified rates, based on hours worked and/or gross pay received, for and on behalf of its employees working under the terms of the Agreement(s).

17.     Said Remittance Reports and payments are received and processed in Maryland Heights, Saint Louis County, Missouri, within the territorial jurisdiction of this Court.

18.     Remittance Reports are due by the fifteenth (15th) of the month following the month in which the work was performed.

19.     ERISA and the Agreement(s) to which Defendant is bound and required to comply, specifically provide that in the event a signatory contractor fails to submit timely payment of contributions due, the contractor shall be liable for the contributions due, as well as liquidated damages in the amount of twenty percent (20%) of the contributions due, and interest.

20.     The Agreement(s) to which Whitehead Brothers is bound and required to comply, specifically provide that in the event of litigation to enforce the Agreement(s), Whitehead Brothers shall be liable for Plaintiff Funds' attorneys' fees and costs.

21.     Whitehead Brothers has reported and paid contributions to Plaintiff Funds prior to the events giving rise to this litigation.

22.     Whitehead Brothers has at times relevant to this litigation failed to timely report and pay all contractually required contributions to Plaintiff Funds, thus giving rise to Liquidated Damages and interest.

23.     Plaintiff Funds are entitled to an award of such Liquidated Damages and interest as may be due.

24.     Whitehead Brothers has at times relevant to this litigation failed to submit all required Remittance Reports.

25.     Plaintiff Funds are entitled to an order that Whitehead Brothers submit all outstanding Remittance Reports.

26.     Plaintiff Funds are entitled to recovery of all required contributions.

27.     Plaintiff Funds are entitled to an award of such Liquidated Damages and interest as may be due.

28.     Plaintiff Funds are entitled to an award of their attorneys' fees and costs.

<u>**COUNT I**</u>

<u>**(DELINQUENT FRINGE BENEFIT CONTRIBUTIONS**</u>

<u>**(ALL PLAINTIFFS)**</u>

COMES NOW Plaintiffs, by undersigned Counsel, and state as follows for Count I of their Complaint against Defendant, Whitehead Brothers Painting, Inc.:

29.     Plaintiff Funds restate and reincorporate paragraphs 1 through 28 of their Complaint as if fully set forth herein.

30.     Whitehead Brothers has, without good cause, failed and refused to completely and accurately report and pay fringe benefit contributions for at least the months of July 2019, August 2019 and September 2019 as to 401(k) Plan and District Council Funds, and January 2019 and March 2019 as to Welfare Fund.

31.     Therefore, Whitehead Brothers is considered to be delinquent in its obligations to Plaintiff Funds.

32.     Demand has been made upon Whitehead Brothers to submit all outstanding remittance reports and to pay these outstanding fringe benefit contributions and late fees. *See*, **Exhibits A, B, C, D and E**.

33.     Whitehead Brothers has, without good cause, failed and refused to submit complete and accurate reports, or to make payment of contributions, despite its contractual obligation to do so.

34.     Plaintiff Funds are unable to determine the amount of contributions due, or to properly credit the accounts of Whitehead Brothers' employees, who stand to lose eligibility, or coverage, as a result of Whitehead Brothers' omissions.

35.     Plaintiff Funds lack an adequate remedy at law and are suffering, and will continue to suffer, immediate, severe and irreparable harm, unless Whitehead Brothers is ordered to comply with its contractual obligations and to submit outstanding Remittance Reports.

36.     Plaintiff Funds are entitled to an award of all contributions due.

37.     Pursuant to ERISA and the CBA, Plaintiff Funds are entitled to an award of Liquidated Damages.

38.     Pursuant to ERISA and the CBA, Plaintiff Funds are entitled to an award of interest.

39.     Plaintiff Funds are further entitled to an award of their attorneys' fees and costs.

40.     As a result of Whitehead Brothers' actions, Plaintiff Funds have been harmed.

WHEREFORE, Plaintiffs Painters District Council #58 401(k) Trust Fund, Painters District Council #58 Fringe Benefit Funds and Illinois State Painters Welfare Fund respectfully pray that the Court:

        a.     Enter Judgment for Plaintiff Funds and against Defendant Whitehead Brothers Painting, Inc.;

b.      Enter Orders for temporary, preliminary and permanent injunctive relief requiring Whitehead Brothers to immediately submit all outstanding Remittance Reports;

c.      Enter an Order awarding Plaintiff Funds the delinquent fringe benefit contributions as reflected on the remittance reports;

d.      Enter an Order awarding Plaintiff Funds Liquidated Damages;

e.      Enter an Order awarding Plaintiff Funds appropriate pre-judgment interest;

f.      Enter an Order awarding Plaintiff Funds their attorneys' fees and costs;

g.      Enter an Order awarding Plaintiff Funds appropriate post-judgment interest;

h.      Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT II

## (LIQUIDATED DAMAGES)

## (ILLINOIS STATE PAINTERS WELFARE FUND)

COMES NOW Plaintiff, Illinois State Painters Welfare Fund, by undersigned Counsel, and states as follows for Count II of its Complaint against Defendant, Whitehead Brothers Painting, Inc.:

41.     Welfare Fund restates and reincorporates paragraphs 1 through 28 and 29 through 39 of Count I of its Complaint as if fully set forth herein.

42.     Despite its contractual obligation, Whitehead Brothers has has from time to time failed to timely pay fringe benefit contributions to Welfare Fund.

43.     As a result of failing to timely pay, Whitehead Brothers is liable for statutory and/or contractual Liquidated Damages.

44.     Whitehead Brothers is liable for past Liquidated Damages in the amount of $8,458.28. *See*, **Exhibits A, B, C, D and E**.

45.     Demand has been made upon Whitehead Brothers for payment of these amounts. *See,* **Exhibits A, B, C, D and E.**

46.     Whitehead Brothers has unreasonably failed and refused to pay.

47.     As a result of Whitehead Brothers' actions, Welfare Fund has been harmed.

WHEREFORE, Plaintiff Illinois State Painters Welfare Fund respectfully prays that the Court:

a.      Enter Judgment for Welfare Fund and against Defendant Whitehead Brothers Painting, Inc.;

8

b.      Enter an Order awarding Welfare Fund Liquidated Damages on late-paid

contributions in the amount of $8,458.28;

c.      Enter an Order awarding Welfare Fund appropriate pre-judgment interest;

d.      Enter an Order awarding Welfare Fund their attorneys' fees and costs;

e.      Enter an Order awarding Welfare Fund appropriate post-judgment interest;

f.      Enter Orders for such further relief as the Court deems proper in the

premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP


 /s/  James R. Kimmey
JAMES R. KIMMEY, No. 6314932
101 W. Vandalia St., Suite 245
Edwardsville, IL  62025
(618) 692-5250 (tel.)
(618) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com

Attorneys For Plaintiffs